PETRILLO BROTHERS, INC., and AMERICAN SURETY COMPANY, Appellants, v. WILLIAM GARDNER, Appellee.

*(December* 23, 1955.)

RICHARDS, P. J., sitting.

*William Prickett* for appellants.

*Aubrey B. Lank,* representing the Legal Aid Society, for appellee.

Superior Court for New Castle County, No. 36, Civil Action, 1955.

RICHARDS, P. J.:

The record in this case made before the Industrial Accident Board and now on file in this Court, and from which I am required to decide the issues raised by this appeal, Title 19 *Delaware Code*, 2350(b), discloses: that Gardner, hereinafter called the claimant, was employed as a laborer by Petrillo Brothers, Inc., hereinfter called the employer, and was usually engaged in attending to the operation of a stone crusher at the employer's sand and gravel pit at Minquadale; that on March 3, 1953, while the claimant was so engaged a stone was thrown from the stone crusher and fell on the great toe of his right foot; that on March 9, 1953, the claimant voluntarily entered the Veterans' Administration Hospital at Elsmere, where he was treated by Dr. Paul Goerner for a diabetic ulcer of the great toe on the right foot and diabetes melitus; that the diagnosis further disclosed thrombosis of the branch of the base of the artery due to an unspecified cause, translated by Dr. Goerner as a blood clot in one of the major vessels of the brain, which the history given by the patient indicated had occurred prior to his admission to the hospital; that he was discharged from the hospital on May 19, 1953, at which time the ulcer which was found on the great toe of his right foot when he entered the hospital, was completely healed; that no x-rays were taken of his foot while he was at the hospital and at the time of his discharge he was not specifically told to return to the hospital or referred to any doctor, but was instructed as to his diabetic care; that he returned to work around the 25th or 26th of May, 1953, and continued to work until around the 15th of November, 1953, when he was hit by another rock and immediately left work.

It is not disputed that the injury received by the complainant on March 3, 1953 was compensable.

The Industrial Accident Board found as a fact that the personal injury sustained by the claimant on March 3, 1953, arising out of and in the course of his employment with Petrillo Brothers, Inc., was the proximate cause of his disability commencing on March 9, 1953.

The Industrial Accident Board then stated that it was of the opinion that the claimant should have had the benefit of x-rays before being discharged from the hospital; and of the further opinion that the American Surety Company, insurance carrier of Petrillo Brothers, Inc. by its delaying tactics and neglect in adjusting the matter, had caused the claimant undue hardship and made it difficult for the Board to secure accurate and conclusive testimony due to the fact that witnesses were unable to remember dates and specific instances because of the length of time involved between the date of the accident and the hearing.

The Industrial Accident Board then made its award which is in the following language:

"It Is Therefore Awarded And Adjudged by the Industrial Accident Board of the State of Delaware this Thirtieth Day of December 1954 that the American Surety Company, insurance carrier of Petrillo Brothers, Inc., shall enter into an agreement with William Gardner that the said William Gardner shall receive compensation at the rate of Thirty Dollars ($30.00) per week based upon an average weekly wage of Sixty-eight Dollars ($68.00) and that the said compensation shall be payable from and including the 9th day of March 1953 until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Delaware.

"It Is Further Awarded And Adjudged by The Industrial Accident Board of the State of Delaware this Thirtieth day of December 1954 that the American Surety Company, insurance carrier of Petrillo Brothers, Inc., shall pay all surgical, medical, hospital services, medicines and supplies procured by William Gardner as a result of the personal injury sustained on March 3, 1953."

The appellants contend that the award should have expressly limited the period during which weekly compensation was payable to the employee to the period between March 9th, 1953 and May 24, 1953, inclusive; that the award should be modified

by striking the expression of the Board's opinion that x-rays should have been taken at the Veterans' Hospital; and that the award should be modified by striking therefrom the expression of the Board's opinion that the insurer was guilty of neglect and delaying tactics in adjusting the claim.

The opinion expressed by the Industrial Accident Board that x-rays should have been taken at the Veterans' Hospital, and that the insurer was guilty of neglect and delaying tactics in adjusting the claim, was not a part of the award and should not be considered as such. In my judgment, this opinion is not supported by the record but if the Board considers that it is justified in expressing its opinion in this manner, this Court should not interfere with it.

The claimant and the American Surety Company, the insurance carrier of Petrillo Brothers, Inc., having failed to arrive at an agreement as to compensation to be received by the claimant for the injury which he received on March 3, 1953, the claimant petitioned the Industrial Accident Board to hear and determine the matter in accordance with the facts and the law. The Board heard the case and determined that the claimant should receive compensation at the rate of $30 per week based upon an average weekly wage of $68, payable from and including the ninth day of March 1953, until terminated in accordance with the provisions of the Workmen's Compensation Laws, 19 *Del. C.* § 2301 *et seq.*

Why the Board determined that compensation should be payable to the claimant after May 25, 1953, I am unable to see, because it clearly appears from the record that the claimant had recovered from the injury which he received on March 3d, 1953, and returned to work on the 25th or 26th of May 1953. In fact, the claimant concedes that compensation should not be paid between May 25, 1953, and November 9, 1953, because he was gainfully employed by the same employer during that period. Dr. Goerner testified that when the claimant left the hospital on May 19, 1953, the diabetic ulcer of the great toe on his

right foot was completely healed, and that there was no relationship between the thrombosis of the base of the branch of the artery and the ulcerated toe.

The record is silent as to the effect of the injury which the claimant received on November 15, 1953, while working for the same employer. It does appear that the injury received on this date was never reported to the Industrial Accident Board, or any claim made for compensation for injury resulting therefrom.

Title 19, Section 2324, of the *Code* of 1953, dealing with total disability provides that, "Nothing in this Section shall require the payment of compensation after disability ceases."

Section 2327 of the same Title provides: "Whenever a subsequent permanent injury occurs to an employee who has previously sustained a permanent injury, from any cause, whether in line of employment or otherwise, the employer for whom such injured employee was working at the time of such subsequent injury, shall be required to pay only that amount of compensation as would be due for such subsequent injury without regard to the effect of the prior injury."

Section 2350(b) of said Title provides: "In case of every appeal to the Superior Court, the cause shall be determined by the Court from the record, which shall include a typewritten copy of the evidence and the finding and award of the Board, without the aid of a jury, and the Court may reverse, affirm, or modify the award of the Board, or remand the cause to the Board for a rehearing."

After carefully considering the record before me in this case, I have reached the conclusion that the award of the Industrial Accident Board should be and it is hereby modified to read as follows:

It is Therefore Awarded And Adjudged by the Industrial Accident Board of the State of Delaware, this Thirtieth day of December 1954, that the American Surety Company, insurance

carrier of Petrillo Brothers, Inc., shall pay to William Gardner as compensation for the injury which he received on March 3, 1953, the sum of Thirty Dollars ($30.00) per week, based upon an average weekly wage of Sixty Eight Dollars ($68.00), and that said compensation shall be payable from and including the ninth day of March, 1953, until and including the twenty-fifth day of May, 1953.

It Is Further Awarded And Adjudged by the Industrial Accident Board of the State of Delaware, this Thirtieth day of December, 1954, that the American Surety Company, insurance carrier of Petrillo Brothers, Inc., shall pay all surgical, medical, hospital services, medicines and supplies procured by William Gardner as a result of the personal injury sustained by him on March 3d, 1953.